NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

SEP 11 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

---

RONALD TOLENTINO,

Plaintiff-Appellant,

v.

GILLIG, LLC,

Defendant-Appellee.

No.   23-16182

D.C. No. 3:23-cv-02062-VC

MEMORANDUM[*]

---

Appeal from the United States District Court
for the Northern District of California
Vince Chhabria, District Judge, Presiding

Submitted September 9, 2024[**]
San Francisco, California

Before:  BEA and MENDOZA, Circuit Judges, and M. FITZGERALD,[***] District Judge.

Plaintiff-Appellant Ronald Tolentino, on behalf of himself and a putative class, appeals an order of the U.S. District Court for the Northern District of

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Michael W. Fitzgerald, United States District Judge for the Central District of California, sitting by designation.

California that granted a motion for judgment on the pleadings filed by Tolentino's former employer, Defendant-Appellee Gillig, LLC ("Gillig").

The parties are familiar with the facts, so we recount them only as necessary. We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm.

"We review *de novo* a district court's grant of a Rule 12(c) motion for judgment on the pleadings." *See Harris v. Cnty. of Orange*, 682 F.3d 1126, 1131 (9th Cir. 2012). "A judgment on the pleadings is properly granted when, taking all the allegations in the non-moving party's pleadings as true, the moving party is entitled to judgment as a matter of law." *Fajardo v. Cnty. of Los Angeles*, 179 F.3d 698, 699 (9th Cir. 1999).

The district court properly granted Gillig's motion for judgment on the pleadings because Tolentino's claim (for unpaid hours worked before his scheduled starting time) was subject to dismissal based on his failure to exhaust the mandatory grievance and arbitration procedures set forth in the Collective Bargaining Agreement ("CBA") that governed the terms and conditions of his employment. *See United Paperworkers Int'l Union, AFL-CIO v. Misco, Inc.*, 484 U.S. 29, 37 (1987) ("The courts have jurisdiction to enforce collective-bargaining contracts; but where the contract provides grievance and arbitration procedures, those procedures must first be exhausted and courts must order resort to the private settlement mechanisms without dealing with the merits of the dispute.").

2

The CBA requires that an "aggrieved employee" follow certain procedures for "disputes or grievances which may arise concerning [the CBA's] application or enforcement."

Tolentino's claim for unpaid hours worked was subject to the CBA's mandatory grievance and arbitration procedures because it was a claim for overtime, defined in Section 4.5 of the CBA as "[w]ork performed before the regular starting time or after the regular quitting time."

Tolentino argues that his claim was not for overtime because Section 4.5's phrase "regular starting time" means not the time at which an employee is scheduled to start his shift, but the time at which he "repeatedly and customarily begins work." This argument is meritless. As the district court noted, Tolentino's interpretation "defies reason" because it would allow an employee to define his own "regular starting time" based on when he chooses to arrive at work and clock in. This would allow each employee to rack up as much overtime as he wants, regardless the work hours Gillig requires of its employees, and would make it nearly impossible for Gillig to track accurately its employees' overtime. For these reasons, Tolentino's claim is subject to the CBA's mandatory grievance procedures.

It is undisputed that Tolentino failed to allege that he exhausted the CBA's mandatory grievance procedures (or was prevented from doing so). Hence, Tolentino's claim was subject to dismissal. *See Kobold v. Good Samaritan Reg'l*

*Med. Ctr.*, 832 F.3d 1024, 1041 (9th Cir. 2016).

**AFFIRMED.**